IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD E. McDONALD, LIANE
McDONALD,

          Plaintiffs,

v.

MICHAEL KENJI FIELD, ERIN FIELD,

          Defendants.

10cv00925

**ELECTRONICALLY FILED**

### MEMORANDUM ORDER

**December 8, 2010**

    **I.    Introduction**

Plaintiffs Richard E. McDonald and Liane McDonald, residents of Pennsylvania, filed a complaint in the Western District of Pennsylvania against Michael Kenji Field ("Kenji Field") and Erin Field, residents of California, alleging that plaintiffs loaned $190,000 to the Fields to purchase a residence and the Fields never repaid the loan. The McDonalds claim jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

Defendants have filed a "Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6)" (doc. no. 10) challenging this Court's jurisdiction, venue and failure to state a claim, to which plaintiffs have filed their Response (doc. no. 15). The affidavits attached to the motion and response present a substantial factual dispute pursuant to Fed.R.Civ.P. 12(b)(2) as to this Court's personal jurisdiction over defendants, but it is a credibility driven dispute that cannot be resolved at this stage of the proceedings. The Court will deny the motion to dismiss for lack of jurisdiction without prejudice, as well as the venue and failure to state a claim challenges.

## II. The Complaint

The Complaint (doc. no. 1) alleges that on or about April 2005, "in consideration of Kenji Field's services as an employee of Richard McDonald, [he] entered into an oral contract with Kenji Field, whereby Plaintiffs would loan Defendants One Hundred Ninety Thousand Dollars ($190,000) for the purchase of a home, the terms of which required that the entire amount of the proceeds, plus interest, would be due and payable to Plaintiffs by Defendants upon demand . . . ." Complaint, ¶ 5. While the $190,000 loan allegedly made by Richard McDonald as employer to to Kenji Field was not memorialized in a written contract, the Complaint alleges that on or about "April 22, 2005, Kenji Field confirmed Defendants' obligation to pay back the $190,000 provided to him by Plaintiffs in an e-mail to Richard McDonald." Complaint, ¶ 6. The Fields allegedly refused to repay the loan despite repeated demands. Complaint, ¶ 8.

Plaintiffs' Complaint states several related common law causes of action for breach of an oral contract, quantum meruit - unjust enrichment, and promissory estoppel. The Complaint is very short on facts, and does not specify where the alleged oral contract was negotiated and executed, when or how it was to be repaid, where or how Kenji Field was allegedly employed by Mr. McDonald, where the residence to be purchased by the Fields was located, or any other terms of or details surrounding the alleged oral contract.

## III. The Motion to Dismiss and Response

Defendants' Motion to Dismiss asserts lack of personal jurisdiction, improper venue and failure to state a claim under Fed.R.Civ.P. 12(b)(2), (3) and (6), respectively. Because the Court finds that defendants have raised a plausible lack of personal jurisdiction defense, and that some discovery is necessary to resolve this threshold issue, only the Rule 12(b)(2) argument need be addressed at this time.

The Fields attach affidavits to their Motion to Dismiss which state the following jurisdictional facts. Contrary to the averments of the Complaint, Kenji Field asserts that he was never employed by Richard McDonald, did not enter into any oral contract with McDonald, and never obtained a loan from McDonald. In 2003, before Kenji Field ever met Richard McDonald, Kenji Field was employed by Pulse Healthcare, LLC ("Pulse"), a California entity whose principal operations were in California. Kenji Field lived and worked in California at all relevant times, including the period he worked for Pulse. Neither of the Fields ever lived or worked east of the Mississippi.

In April 2004, McDonald, in his capacity as an officer of an entity known as World Health Alternatives, Inc. ("World Health"), along with several other persons, travelled to California and met with the owner and President of Pulse, Eric Allison, Kenji Field and other Pulse employees to discuss World Health's interest in acquiring Pulse, which it did on or about May 14, 2004. In connection with this purchase-acquisition of Pulse, John Sercu, World Health's Chief Operating Officer, together with McDonald, placed a telephone call to Kenji Field, who was in California, and offered Kenji Field employment with World Health in return, inter alia, for 300,000 World Health stock grants. Subsequently, upon hearing that the Fields were purchasing a home in California, Richard McDonald offered to exchange a portion of the stock grant offer for a lump sum cash payment of $190,000. Kenji Field accepted the offer and McDonald left California. The funds were obtained and used as the down payment for the home in which the Fields currently reside in California.

Plaintiffs' Response to Defendants' "Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6)" attaches Mr. McDonald's affidavit, which states that in fact, the residential loan oral contract was negotiated in Pennsylvania when Mr. Fields

3

was in the state, that payments were to be made to plaintiffs in Pennsylvania, and that Kenji Field placed telephone calls and transmitted e-mails to Richard McDonald in Pennsylvania regarding the alleged loan.

## IV. Rule 12(b)(2) Standards

Once a defendant has raised a colorable lack of personal jurisdiction defense, the burden shifts to the plaintiff to prove that jurisdiction exists in the forum state. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998); *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). A court must construe all facts in the light most favorable to the plaintiff when determining whether personal jurisdiction exists. *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 368 (3d Cir. 2002).

Nonetheless, a plaintiff may not rest solely on the pleadings to satisfy its burden. *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). Rather, a plaintiff must demonstrate, with reasonable particularity, contacts between the defendant and the forum sufficient to support a prima facie case in favor of the exercise of personal jurisdiction by the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1986); *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992); *Carteret Sav. Bank*, 954 F.2d at 146. Thus, a Rule 12(b)(2) motion generally requires resolution of factual issues outside the pleadings in order to make an informed decision on the existence or lack of in personam jurisdiction. *Clark v. Matsushita Electric Indus. Co., Ltd.,* 811 F.Supp 1061, 1064 (MD. Pa. 1993) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.3d 61, 66 n. 9 (3d Cir. 1984)).

## V. In Personam Jurisdiction

The two types of personal jurisdiction are general jurisdiction and specific jurisdiction. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n. 9 (1984).

Defendants are residents of California, have never lived nor worked east of the Mississippi, and had little or no ("little" if plaintiff's affidavit is taken as true; "no" if defendants' affidavits are taken as true) telephone, in person or other contacts in Pennsylvania with regard to the alleged oral contract with Richard McDonald. Plaintiffs make no attempt to claim general jurisdiction, so the Court considers only the specific variety here. In that regard, a "relationship among the defendant, the forum, and the litigation" is the "essential foundation" for finding specific jurisdiction. *Id*. at 466 U.S. 414.

As the United States Court of Appeals for the Third Circuit summarized:

> The inquiry as to whether specific jurisdiction exists has three parts. First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotation marks omitted). Second, the litigation must "arise out of or relate to" at least one of those activities.[*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 414]; *Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir.1994). And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting [*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945))].

*O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 317 (3d Cir. 2007) (parallel citations omitted).

Merely re-stating the allegations in the pleadings does not suffice to withstand a Rule 12(b)(2) motion. *Time Share Vacation Club,* 735 F.2d at 66. "At no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of jurisdiction; once the motion is made, the plaintiff must respond with actual proofs not mere allegations." *Patterson v. F.B.I.,* 893 F.2d 595, 604 (3d Cir. 1990); *Eagle Computer Assoc. v. Chesapeake Software Serv., Inc.*, 1999 WL 1030441, *1 (E.D. Pa. 1999) (citations omitted). Fair play and substantial justice mean that the plaintiff must demonstrate that the defendant should have "reasonably anticipated being haled into court" in the forum state, through

"sworn affidavits or other competent evidence." *Time Share Vacation Club*, 735 F.2d at 67 (quoting World-*Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

A contract with a resident from the forum state does not "automatically establish sufficient minimum contacts in the other party's home forum." *Burger King*, 471 U.S. at 478-79. The requisite contacts, however, "may be supplied by the terms of the agreement, the place and character of prior negotiations, contemplated future consequences, or the course of dealings between the parties." *Farino*, 960 F.2d at 1223 (citing *Burger King*, 471 U.S. at 479). See also *Donohue v. Team Rensi Motorsports, LLC*, 2002 WL 32341953, *5 (E.D.Pa. 2002) ("alleged contacts between the defendant and Pennsylvania, when analyzed independently and collectively, fail to satisfy the minimum contacts prong"). While there are important substantive facts in dispute (e.g., whether the $190,000 was a loan or an inducement incentive for employment), the dueling affidavits of the parties pose a directly contradictory factual, credibility-based threshold issue which goes to this Court's jurisdiction, namely, whether any part of the loan/employment incentive was negotiated, executed, to be performed in, or otherwise involved significant contacts with Pennsylvania and, if so, whether such contacts are substantial enough to permit this Court to assume jurisdiction over the California residents.

Accordingly, the Court will deny the motion to dismiss for lack of jurisdiction, but without prejudice to raise the issue at an appropriate time following discovery.

Similarly, the venue challenge under Fed.R.Civ.P. 12(b)(3) must await further discovery, and it is likely that if jurisdiction is present, so is venue under the circumstances of this case.

As to the failure to state a claim challenge under Fed.R.Civ.P. 12(b)(6), a complaint may be dismissed pursuant to Rule 12(b)(6) if it does not allege enough facts to state a claim to relief that is plausible on its face. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957), which allowed dismissal of a claim only if "no set of facts" could be conceived to support it)). While plaintiffs' Complaint is rather minimalist, the failure to state a claim challenge must be rejected at this stage of the proceedings, as this Court cannot say that plaintiffs' claims are implausible or that their factual assertions are insufficient to support a claim for breach of an oral contract, promissory estoppel and quantum meruit-unjust enrichment.

For the foregoing reasons, the Court DENIES Defendants' "Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6)" (doc. no. 10) without prejudice.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties